REED *v.* TRINITY DRILLING COMPANY.

Opinion delivered March 1, 1926.

1. MASTER AND SERVANT—LIABILITY FOR SERVANT'S ACTS.—The test of the master's liability for the acts or omissions of his servant is whether the acts or omissions were committed in the prosecution of the master's business or in effecting some independent purpose of his own.

2. MASTER AND SERVANT—LIABILITY FOR SERVANT'S TORT—COMPLAINT. —In an action by a servant against his master for a tort by a fellow-servant, a complaint which alleged that a fellow-servant, manager of defendant, while acting in the scope of his employment and in the act of discharging plaintiff, wilfully and without cause assaulted and struck the plaintiff, *held* defective in failing to allege that such manager had authority to discharge plaintiff.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; affirmed.

*Hardy & Machen,* for appellant.

*T. J. Gaughan, J. E. Gaughan, E. E. Godwin* and *J. T. Sifford,* for appellee.

HUMPHREYS, J. Appellant instituted this suit on the fourth day of January, 1924, against appellee in the circuit court of Ouachita County, to recover damages for injuries received from an assault alleged to have been made by the superintendent of appellee, while engaged in the act of discharging appellant from further services for said company.

Appellee filed an answer denying the main allegations in the complaint.

On the 28th day of October, 1924, appellant filed an amended complaint, making the following allegation therein the gist of his cause of action:

"Plaintiff (appellant) states that on the said fifth day of June, while in the employ of the said defendant (appellee), and while in the discharge of his duties, and without cause or provocation, he was assaulted and struck on the head with a hammer by one A. Tippadore, a field manager and servant of said defendant (appellee), who was acting within the scope of his authority at said time, by being in the act of discharging said plaintiff (appellant), and was severely injured, and from said blow on the head with said hammer the said plaintiff (appellant) suffered great pain and permanent injury, and was unable to do any work for thirty days thereafter."

Appellee filed a demurrer to the amended complaint, alleging that he had not stated facts sufficient to constitute a cause of action. The court sustained the demurrer, and appellant, being allowed to amend, filed his second amended complaint, making the following allegation therein the gist of his cause of action:

"That the plaintiff (appellant) was in the employ of said defendant (appellee) and engaged in helping to drill an oil well in said county, on the above mentioned date, and working under authority and direction of the said A. Tippadore, manager and superintendent of said

company, as above stated, and that on said date, while in the employ of said defendant (appellee), and assisting in the operation of work on drilling of an oil well, while running in tubing of an oil well which was being run by said defendant (appellee), and acting under the direction and authority of the said A. Tippadore, in the performance of said work, he became engaged in an altercation with one ............ Pixley, who was also an employee of the said defendant (appellee), and while thus engaged in said employment, and in carrying on said work, the said A. Tippadore, manager and superintendent of said defendant (appellee), as aforesaid, while acting in the scope of his authority as such manager and superintendent, and in the act of discharging plaintiff, wilfully and without cause or provocation, assaulted and struck the said plaintiff (appellant), on the head with a hammer, and severely injured him.''

To this second amended complaint appellee again filed its demurrer upon the same ground as before, which was sustained by the court. Appellant stood upon this complaint, and refused to plead further, whereupon the court dismissed the complaint, from which is this appeal.

The only question presented for determination here is whether the complaint stated a cause of action. Appellant contends that it did. It is necessary to state facts which constitute a cause of action, and not merely a conclusion of law. The gist of the allegation was that A. Tippadore, acting within the scope of his authority, wilfully and without cause assaulted appellant while discharging him. It was not stated as a fact that authority had been conferred upon A. Tippadore by appellee to discharge appellant, and that, while engaged in the performance of this duty, he assaulted and injured him. On the contrary, it was alleged that A. Tippadore, acting within the scope of his authority, assaulted and injured appellant while discharging him. To allege that one is acting within the scope of his authority, is merely alleging a legal conclusion dependent upon the facts in a given case.

The facts, when disclosed, may or may not justify such a conclusion. The test of the master's liability for the acts or omissions of his servant is whether the acts or omissions were committed in the prosecution of the master's business, or in effecting some independent purposes of his own. *American Railway Express Co.* v. *Mackley,* 148 Ark. 231. The material allegations of the complaint did not meet this test, so the court properly sustained the demurrer to it, and properly dismissed the complaint when appellant stood on the allegations thereof and refused to plead further.

The judgment is affirmed.